**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

**NEURAL AI, LLC,**

**Petitioner,**

**v.**

**AMAZON.COM, INC.,**

**Respondent.**

**Case No. 7:26-mc-00241-DC**

**[Underlying Case: USDC Western District of Texas No. 7:24-cv-00221-ADA-DTG]**

**DECLARATION OF EMILY PORTUGUESE IN FURTHER SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY AMAZON.COM, INC.**

I, Emily Portuguese, declare as follows:

1. I am an attorney licensed to practice law in the state of New York. I am an attorney with the law firm Susman Godfrey LLP and counsel for Petitioner Neural AI, LLC ("Neural AI"). I am located in the New York office of Susman Godfrey LLP. I submit this Declaration in support of Neural AI's Motion to Compel Compliance with Subpoena Served on Third-Party Amazon.com, Inc. ("Amazon").

2. I attended the meet and confers between Neural AI and Amazon on April 13, May 21, and June 5, 2026.

3. On April 13, 2026, Neural AI explained the documentation it was looking for, including configuration files, internal presentations, and architectural diagrams. Counsel for Amazon said it would not produce configuration documentation for all uses of the accused NVIDIA products but would consider searching for documents for a subset of products configured

in an allegedly infringing manner. Amazon asked Neural AI to provide a more detailed explanation of what an allegedly infringing configuration would look like.

4. On May 21, 2026, Neural AI again reiterated the documentation it sought. Amazon understood the request but said, without any evidence regarding burden, that production of the technical documentation for the relevant uses would be too difficult to produce. Neural AI suggested that a spreadsheet listing each configuring use and the volume of each use could be an intermediate step before document collection to help both Neural AI and Amazon understand where to focus their energy going forward relating to the subpoena. Neural AI expected, for example, that if two configurations made up the bulk of Amazon's relevant uses, Neural AI and Amazon could agree to narrow the subpoena to requests for documents related only to those two uses. Neural AI explicitly stated that it was not further limiting the subpoena or waiving its rights.

5. On June 5, 2026, Amazon stated that it was investigating usage data and would produce the results of a reasonable investigation into usage data for allegedly infringing configurations in three weeks. It could not commit to making such a production and stated it was not sure if the investigation would result in useable information or garbage. Neural AI welcomed usage data as an intermediate step but never agreed that the production of such data was "the one thing and only one thing" that Amazon would produce, as Amazon suggests in its Response. To the contrary, because Amazon still did not commit to producing any of the requested documentation during this meet and confer, Neural AI pursued its dispute chart against Amazon.

6. On June 26, 2026, Amazon produced one document bates labeled AMAZON_NEURAL_000001, which it designated as Highly Confidential – Outside Attorneys' Eyes Only. To avoid the need for sealed filings, Neural AI has not attached that document as an exhibit but can provide it if helpful to the Court. At a high level, and as Amazon described in its

Response, the one-page document lists the NVIDIA GPUs configured in the accused manner, with volume information. *See* Response at 6.

7. Attached as Exhibit I is a true and correct copy of the dispute chart Neural AI submitted to Magistrate Judge Gilliland on June 15, 2026 regarding its dispute with Amazon. Exhibit I omits the attachments to that dispute chart for the sake of brevity, but Neural AI can provide the exhibits if the Court would find them helpful.

8. Attached as Exhibit J is a true and correct copy of an email chain between counsel for Neural AI and counsel for Amazon, containing emails dated November 13, 2025 to July 1, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Emily Portuguese*
Emily Portuguese

*Counsel for Petitioner*
*Neural AI, LLC*